Gkeen, J.
delivered the opinion of the court.
This is an indictment for murder. The prisoner was put upon his trial in the circuit court of Franklin county, and the court proceeded to elect a jury, in the progress of which Charles Barries and Jesse Brewer were sworn and exainined — who severally, upon their examination, stated that from rumor, .and the reports in their neighborhood, they had formed and expressed opinions in relation to the case.- They further stated, that the circumstances of the case had not been related to them nor had they, from the rumor and reports which they had heard in their neighborhood, been informed of the circumstances in the case. Upon cross-examination, by the counsel for the defendant, they both stated that from the rumor and reports in their neighborhood, they had heard that a man had been killed, that the defendant was accused of having killed him, and that the defendant had attempted to escape. They both stated that this was all they had heard in any way about the case — that they believed what they had heard, and had thereupon formed and expressed their opinions; whereupon the defendant challenged said Barnes and Brewer for cause, which challenges were disallowed by the court, and before the jury was made up, the defendant exhausted all his peremptory challenges. To the opinion of the court, disallowing .the said challenges for cause, the defendant excepted.
The jury found the defendant guilty of murder in the first degree, and sentence of death having been passed upon him, this appeal in error was prosecuted.
The only question presented by this record is, whether from the facts they disclosed, the jurors Barnes and Brewer were above exception, and in a state of mind to afford the defendant a fair and impartial trial.
In the case of McGowan vs. the State, 9 Yerg. Rep. 193, this court says: “If it appear to the judge, who under our system is the trier of the competency of the juror, that he has heard the circumstances of the case, and believing the statements he has *377 heard to be true, has formed, or formed and expressed an opinion, that is, has made up his mind as to the guilt or innocence of the prisoner, he ought to be rejected.”
We do not know that a rule can be laid down upon this subject, more clear, explicit, and free'from ambiguity. We have given it a careful re-consideration, and believe that in all its parts, it is an accurate and just delineation of the grounds and principles upon which the impartiality of a juror may be tested.
If on the one hand a juror has heard the facts and circumstances, constituting a narrative of the occurrences connected with the perpetration of a crime, and believing them, has made up his mind as to the guilt or innocence of the accused, he is not competent to try the cause impartially; and his mind is equally pre-occupied, and in an unfit condition to examine impartially the prisoner’s case, whether his information came from the witnesses, or from others, who professing to have ascertained the facts, may communicate a narrative of them to him.
On the other hand, if a juror have heard only the general conclusions of his informants; such as, that A. B. has stolen a horse, or that C. D. has killed- a man, and forms and- expresses an opinion upon that, without hearing the facts and circumstances attending the homicide,- or the theft, his mind is not preoccupied by the case he is called to try, and any vague opinion he had formed, vanishes as the evidence exhibiting the facts and circumstances of the case, is unfolded to his mind. Nor will vague and floating rumors, of whose origin he has no information, and of whose authenticity he has no just grounds of belief, — although they put on the form of a narrative and circumstantial detail of the facts, — produce such an impression on a juror’s mind, as to affect his impartiality. He may have formed an opinion upon the hypothesis, that the rumors are true, but such impression is removed immediately, when the facts of the cause show the falacy of the rumors. They came in a questionable shape, and the mind had never reposed upon them as true.
We do not feel disposed, therefore, to alter, either in sub *378 stance or phraseology, the rule which was laid down in McGowan vs. The State, upon this subject.
The question then arises, whether, tried by this rule, the jurors, Barnes and Brewer, were competent.
They stated, that they had formed opinions from rumor, but the circumstances of the case had not been related to them; they had only heard that a man had been killed; that the defendant was accused, and had attempted to escape.
We do not think any opinion, affecting the impartiality of the jurors could be formed upon a rumor of these facts only.
The death of the man, and the attempt of the accused to escape, are the only facts of the case, which they had heard. Believing these facts, an impression, a mere suspicion of his guilt, may have been excited, which having been expressed by them, they have dignified with the name of “opinion.” Had these facts only, constituted the “circumstances” of this case, the jury, instead of the solemn result to which they arrived, would have delivered the prisoner, with scarcely a suspicion that he was the perpetrator of the crime. If this must have been the judgment of the jury, how could these persons, who were challenged for cause, have, from a mere rumor of facts, entertained an opinion that wrould affect their impartiality?
We think, therefore, that the defendant’s challenges were properly disallowed, and affirm the judgment.